## Coira et al., Recurrente, v. El Registrador de Caguas, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas negándose a transferir la inscripción de una finca a distinta circunscripción territorial.

No. 505.—Resuelto en marzo 31, 1922.

Herederos—Personalidad—Inscripción.—Las personas que invocando su carácter de herederos otorgan una escritura pública para solicitar algún asiento en relación con bienes de su causante en el registro, deben acreditar su condición de tales, bien en la misma escritura o por medio de otro documento independiente.

Id.—Finca Inscrita en Distrito a que no Pertenece—Circunscripción Territorial.—Un acta de deslinde de cierta parte de los límites de dos municipios presentada al registrador con una escritura otorgada al objeto de trasladar la inscripción de una finca de un registro a otro, sin nada que conecte el deslinde con la finca de que se trata excepto el simple dicho de los otorgantes, no es suficiente.

COPIAS DE ESCRITURAS—REQUISITOS QUE DEBEN CONTENER—SIGNO, FIRMA Y SE-
LLO DEL NOTARIO.—De la copia de una escritura presentada al registro, debe
aparecer claramente que el original fué firmado, signado y sellado por el no-
tario autorizante.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. V. Polanco de Jesús.*

El registrador recurrido no compareció.

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Los hermanos Guadalupe, Tomasa, José María, Josefa y María Coira comparecieron ante notario y otorgaron una escritura pública en la que manifestaron que en unión de sus hermanas Francisca, Providencia y Antonia eran los úni- cos y universales herederos de José María Coira, fallecido en San Juan en 1911, según resultaba de cierto documento de la Corte de Distrito de Arecibo de 10 de febrero de 1913; que José María Coira era dueño de una finca rústica que figuraba como situada en el barrio de Collores de Barros y por tanto inscrita en el Registro de la Propiedad de Caguas cuando lo cierto era que a virtud de un deslinde de los lími- tes de los municipios de Barros y Ciales la dicha finca es- taba situada en el barrio de Pozas del último pueblo, de- biendo por tanto inscribirse en el Registro de la Propiedad de Arecibo. Por todo lo cual consignaron en el mismo docu- mento su deseo de que la finca se inscribiera en Arecibo y su petición al Registrador de la Propiedad de Caguas para que extendiera la certificación literal necesaria a tal efecto.

Presentada la escritura indicada acompañada de una co- pia del acta de deslinde a que se refería, el registrador de Caguas se negó a inscribirla, 1, porque los que comparecían llamándose herederos, no acreditaban su carácter de tales ni concurrían todos, 2, porque del acta de deslinde no se po- día llegar a una conclusión clara sobre cuáles eran las líneas divisorias de Barros y Ciales, y 3, porque de la copia de la escritura presentada no se desprendía que el notario fir-

mara, signara y sellara el original, citando el caso de *De-lannoy* v. *Registrador de Guayama,* 26 D. P. R. 555.

Contra la nota del registrador recurrieron los hermanos Coira para ante este Tribunal Supremo y es su recurso el que estamos considerando y resolviendo.

1. La finca de que se trata figura aún inscrita en el Registro de Caguas a nombre de José María Coira. Los herederos no han inscrito su derecho. Ante el registrador sólo estaba un documento por medio del cual varias personas exponían que ellas en unión de otras eran los herederos de Coira por haberlo así declarado la corte competente. La declaración de la corte ni se transcribió en la escritura ni se presentó al registrador. Bajo esas circunstancias estuvo justificado dicho funcionario al negarse a inscribir el documento.

2. Hemos leído el acta de deslinde. Es un documento largo y confuso. De antiguo existían dificultades. En 1834 se practicó un deslinde, pero las dificultades siguieron. En 1842 se llevó a efecto otro, pero parece que la cuestión no quedó resuelta en definitiva. En 1887 tuvo lugar el que se invoca por los recurrentes. Se refiere al parecer a una parte de la línea divisoria. Sólo consta de él la práctica del deslinde y los incidentes ocurridos y manifestaciones hechas con motivo del mismo. Nada hay que conecte el deslinde con la finca de que se trata excepto la afirmación de los recurrentes en la escritura. Siendo ello así, creemos que está también justificado el segundo motivo de la nota.

3. La escritura original termina así, según la copia expedida por el notario y presentada en el registro: "(Firmados) Guadalupe Coira. Tomasa Coira. Josefa Coira. María Coira. José Ma. Coira. José Monserrate Arroyo. Buenaventura Santiago. (Previo mi signo) V. Polanco de Jesús. Cancelado un sello de R. I. de $1.00." Resulta con bastante claridad que el notario firmó y signó el documento original. El requisito del sello es el que falta.

Sostienen los recurrentes que haciéndose constar que se fijó y canceló un sello de rentas internas, debe deducirse que se fijó el sello del notario, pues con él se verifica la cancelación. La existencia de la firma, signo y sello del notario no debe dejarse a deducciones. El tercer motivo, en cuanto a la falta del sello, está, pues, bien fundado.

Por virtud de todo lo expuesto, procede la confirmación de la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.