El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.

---

ENRIQUE GONZÁLEZ RAMOS, recurrente, *v.* EL REGISTRADOR DE AGUADILLA, recurrido.

No. 647.—*Sometido:* Noviembre 2, 1926. *Resuelto:* Noviembre 23, 1926.

1. EXPEDIENTES POSESORIOS—CONVERSIÓN DE LA INSCRIPCIÓN POSESORIA EN INSCRIPCIÓN DE DOMINIO—PERSONAS CON DERECHO A SOLICITAR LA CONVERSIÓN.—La Ley No. 21 de 1923 (Leyes de 1923 (1), p. 217) en cuanto prescribe que la conversión se hará "a solicitud del propietario del inmueble que aparezca con su derecho inscrito" debe interpretarse en el sentido de considerar a los herederos del propietario como el propietario mismo a los efectos de pedir la conversión.

2. EXPEDIENTES POSESORIOS—CONVERSIÓN DE LA INSCRIPCIÓN DE POSESIÓN EN INSCRIPCIÓN DE DOMINIO—DE LA SOLICITUD—SOLICITUD A NOMBRE DE UNOS HEREDEROS—PRUEBA DEL CARÁCTER DE HEREDEROS.—El simple dicho, en solicitud de conversión hecha a nombre de unos herederos, de que el causante falleció y que el dicente, y otros que se mencionan, son los legítimos herederos, es insuficiente para acreditar el fallecimiento y justificar el carácter de heredero de los peticionarios a los efectos de la conversión solicitada.

NOTA de *William J. Santos,* R. (Aguadilla), negándose hacer la conversión de una inscripción posesoria en inscripción de dominio. *Confirmada.*

*Pedro Amado Rivera,* abogado del recurrente; *El Registrador* recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En el registro de la propiedad de Aguadilla consta inscrita la posesión de cierta finca rústica a favor de Antonio Ramos Soto y Antonia Vélez. Enrique González, diciéndose heredero y representante de los demás herederos de Antonio Ramos Soto y Antonia Vélez, compareció ante notario público y éste levantó un acta haciendo constar los anteriores hechos y también el de que hacía más de veinte años que la posesión estaba inscrita, motivo por el cual procedía y solicitaban los herederos que se convirtiera a nombre de ellos la inscripción de posesión en inscripción de dominio.

Presentada el acta en el registro, el registrador se negó a hacer la conversión solicitada por dos motivos, porque no

la pedía la persona a cuyo favor estaba inscrita la posesión y porque los peticionarios no acreditaban el fallecimiento de sus causantes y su carácter de herederos. No conforme González interpuso el presente recurso gubernativo.

[1] En 1923 la Legislatura enmendó el artículo 441 del Reglamento para la ejecución de la Ley Hipotecaria. Termina dicho artículo enmendado con un *disponiéndose* que dice:

"*Disponiéndose,* que cuando hubieren transcurrido más de veinte años desde la fecha de la inscripción de posesión y no existiere en el registro nota que indique que la prescripción ha sido interrumpida durante dicho término de veinte años, el registrador convertirá dicha inscripción de posesión en inscripción de dominio, por medio de nota marginal, a solicitud del propietario del inmueble que aparezca con su derecho inscrito; consignada dicha solicitud en escritura pública." ·

El registrador sostiene que expresando la ley que la conversión se hará "a solicitud del propietario del inmueble que aparezca con su derecho inscrito," los peticionarios tendrían que inscribir primero la posesión a su nombre para solicitar la conversión.

Estamos conformes con el recurrente en que tal interpretación es demasiado estricta y parece contraria a los fines de la ley tendentes a facilitar las transacciones sobre bienes inmuebles con títulos de la mayor fuerza posible. Creemos que una interpretación que considere a los herederos del propietario como al propietario mismo a los efectos de pedir la conversión, debe prevalecer.

[2] El otro motivo está bien fundado. ¿Cómo es posible que se acepte por el registrador el simple dicho de una persona consignado en un acta notarial para dar por establecido que determinadas personas a cuyo favor consta cierto derecho inscrito falleciera y que el dicente y las otras personas que menciona son sus legítimos herederos? La cuestión es tan clara que no merece discusión alguna. La

condición de heredero debe probarse por los medios estable-
cidos en la ley.  *Coira v. Registrador,* 30 D.P.R. 310.
*Por tal motivo debe confirmarse la nota recurrida.*

El Juez Asociado Sr. Hutchison no intervino en la re-
solución de este caso.